# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANTHONY LAWHORN,**

        Plaintiff,

**v.**                                                                                Civil Action No. 3:23-CV-206
                                                                              (GROH)

**CORRECTIONAL OFFICER PATRICK MAYLE,**
**NURSE JANE DOE, and**
**NURSE JOHN DOE,**

        Defendants.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Before the Court is the Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983, and removed to this Court on September 18, 2023, from the Circuit Court of Hampshire County, West Virginia. ECF Nos. 1, 1-1, 1-2, 1-3.[1] The Plaintiff is currently an inmate at the Huttonsville Correctional Complex in Huttonsville, West Virginia. https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search. Previously, the Plaintiff was an inmate at the Potomac Highlands Regional Jail ("PHRJ") in Augusta, Hampshire County, West Virginia, where he contends his civil rights were violated. ECF No. 1-1 at 1.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's first claim be dismissed in part without prejudice upon the agreement of the parties, and his

---

[1] All Electronic Case Filing (ECF) numbers cited herein are in 3:23-CV-206, unless otherwise noted.

second, third, and fourth claims proceed in the normal course.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Prior Pleadings in Hampshire County, West Virginia Circuit Court

The Plaintiff initiated this case by filing a complaint on June 14, 2023, in the Circuit Court of Hampshire County, West Virginia, in that court's case number 2023-C-23. ECF No. 1-1 at 5, 1-2 at 2. The complaint alleges four grounds for relief against the Defendants, which stem from events which occurred on January 12, 2022. The Plaintiff contends that Defendant Correctional Officer Mayle ("Mayle") took apple juice from the Plaintiff's cell at PHRJ, and following the Plaintiff's protest, the two engaged in a verbal argument. Mayle promised to return to the Plaintiff's cell to punish the Plaintiff and when he did, a physical altercation is alleged to have ensued. ECF No. 1-1 at 5. The Plaintiff contends that Mayle handcuffed him, "hip tossed" him to the ground, and kneed him in the ribs. Id. at 6. Once Mayle established control over the Plaintiff, he is alleged to have "violently jerked" the Plaintiff to his feet, then forced Plaintiff to walk barefoot to receive medical care. Id. at 7. The Plaintiff contends his evaluation by a nurse consisted of "little more than ask[ing] him if he was ok and send[ing] him to an interview room." Id. Six days later, Mayle is alleged to have prepared a disciplinary write-up against the Plaintiff which contained false allegations. Id.

The Plaintiff asserts the following four claims for relief: (1) that Defendant Mayle violated his Eighth Amendment rights against cruel and unusual punishment when he used excessive force against the Plaintiff, and that Defendant Mayle and Defendants Nurse Jane Doe, and Nurse John Doe, violated his rights against cruel and unusual punishment by denying him adequate medical care related to the excessive force incident

[ECF No. 1-1 at 8]; (2) that Mayle assaulted and battered the Plaintiff by offensive touching that put him "in imminent fear of bodily harm" [Id. at 9]; (3) that Mayle made false and defamatory statements against the Plaintiff which "amount to allegations of criminal conduct, and therefore constitute defamation per se," [Id.]; and (4) Mayle intentionally inflicted emotional distress on the Plaintiff by "torturing" him, and intentionally causing physical pain and suffering, and otherwise engaged in outrageous conduct [Id. at 9–10].

The Plaintiff claims his injuries consist of the physical pain and suffering, and several emotional distress. Id. at 10. Further, he contends that he "continues to have ongoing pain in his left knee/thigh area, as well as his elbow." Id. at 8. For relief, the Plaintiff requests that the Court award him compensatory damages, punitive damages, attorneys' fees, pre- and post-judgment interest, and any other relief the Court deems proper. Id.

### B. Removal of the Complaint to Federal Court

On September 18, 2023, Defendant Mayle, through counsel, filed a petition for removal from the Circuit Court of Hampshire County, West Virginia to the United States District Court for the Northern District of West Virginia. ECF No. 1. The removal petition asserts that:

> The Complaint includes claims under Count I which asserts violations of 42 U.S.C. § 1983, as well as state law claims for Assault and Battery, Defamation, and Intentional Infliction of Emotional Distress which arise from the same transaction or occurrence as the § 1983 claim. In accordance with 28 U.S.C. § 1446(b), this Notice is filed within 30 days of the date on which such notice was provided/received.

ECF No. 1 at 1.

### C.    Partial Motion to Dismiss

On September 25, 2023, Defendant Mayle filed a partial motion to dismiss and memorandum in support thereof. ECF Nos. 2, 3. Mayle argues that he is entitled to partial dismissal of the deliberate indifference to a serious medical need claim as asserted in Count 1 of Plaintiff's complaint, because the "Plaintiff cannot plead sufficient facts to support an Eighth Amendment deliberate indifference claim against Defendant Mayle." ECF No. 3 at 2–3. Mayle contends that the Plaintiff has failed to state a claim against him for deliberate indifference to a serious medical need. Id. at 4. Mayle argues that he is not liable under § 1983 because: (1) the conditions alleged by the Plaintiff in his third claim are "not sufficiently serious to give rise to an Eighth Amendment violation" as required by Farmer v. Brennan, 511 U.S. 825, 834 (1994), and Wilson v. Seiter, 501 U.S. 294, 298 (1991) [ECF No. 3 at 4–6]; and (2) Mayle is entitled to qualified immunity to the Plaintiff's claim of deliberate indifference because Mayle did not violate a clearly established right enjoyed by the Plaintiff [Id. at 6–7].

### D.    Defendant Mayle's Answer to the Complaint

On September 25, 2023, Mayle also filed an answer to the Complaint. ECF No. 4. In paragraphs 29 through 44 of his Answer, Mayle denies all the allegations contained in Counts 1 through 4 of the Complaint.[2] Id. at 4–6. Mayle asserts sixteen[3] affirmative defenses in his Answer. Id. at 6–9.

---

[2] The only qualification of his denials is contained in paragraph 31 which states, "The allegations against this Defendant contained in Paragraph 31 of the Complaint are addressed in Defendant's Partial Motion to Dismiss. To the extent further response is deemed necessary, Defendant denies the allegations in Paragraph 31 and demands strict proof thereof." ECF No. 4 at 4, ¶ 31.

[3] The third of Mayle's sixteen affirmative defenses raises twelve separate affirmative defenses. ECF No. 4 at 6. The fifth of Mayle's affirmative defenses raises seven separate affirmative defenses. Id. at 7.

4

### E. Plaintiff's Response to Partial Motion to Dismiss

The Plaintiff filed his response [ECF No. 6] to the partial motion to dismiss on October 16, 2023, wherein he concedes that:

> Plaintiff, through his counsel and upon review of Defendant Mayle's Partial Motion to Dismiss, agrees that, at this juncture, he has insufficient information connecting his denial of medical care, following Mayle's use of excessive force, to the actions of Defendant Mayle such that he can properly set forth a claim for deliberate indifference based on a denial of medical care against Mayle personally.

ECF No. 6 at 3. Further, the Plaintiff agreed that his "claim for deliberate indifferent/denial of medical care against Mayle should be dismissed without prejudice at this time, and that Plaintiff should be given leave to re-assert said claim in the event discovery demonstrates Mayle's involvement with Plaintiff's denial of medical care." Id.

In a footnote, the Plaintiff asserts that "his deliberate indifference claims against Defendant Nurses are appropriate and should remain." Id. at n.1.

## III.   LEGAL STANDARD

### A.   § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(Internal citations omitted). The Court further explained that "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

B.  Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In

7

Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.     ANALYSIS

### A.     First Count for Relief: Lack of Jurisdiction over Defendants Nurse Jane Doe and Nurse John Doe Based on Failure to Perfect Service

Before addressing the merits of the Plaintiff's claims for relief against Mayle, the undersigned addresses the lack of jurisdiction over the other named Defendants. The Plaintiff's complaint named two Defendants: (1) "Nurse Jane Doe (Name Unknown)"; and (2) "Nurse John Doe (Name Unknown)". ECF No. 1-1 at 5. The Plaintiff failed to properly identify Jane Doe or John Doe, but provided their place of employment as Potomac Highlands Regional Jail. Id. at ¶ 3. Further, a review of the docket in the Northern District of West Virginia, and the docket in the Circuit Court for Hampshire County prior to removal, reflect that Defendants Nurse Jane Doe, and Nurse John Doe have never been served process,[4] or filed any pleadings in either court. See ECF No. 1-2.

The Court notes that under the mandate of Federal Rule of Civil Procedure 4(m), the Plaintiff has failed to timely effect service upon those Defendants. The rule provides a time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

---

[4] The Hampshire County docket for civil action number CC-14-2023-C-23 shows that Service was requested for each of the three parties on June 14, 2023. ECF No. 1-2 at 2, docket entries 8–10. The only return filed in that court was for Defendant Mayle. Id. at docket entry 13. Another document filed with the removal petition in federal court, which appears to be the second page of the State court "Cover Sheet" is titled "Served Parties," lists all three Defendants, with the notation for each Defendant "Hold for Later Service." ECF No. 1-1 at 4.

Fed. R. Civ. P. 4(m). Further, 28 U.S.C.A. § 1448 mandates that any case removed from State court must comply with the requirements of service in the Federal courts.

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

See Carden v. Wal-Mart Stores, Inc., 574 F.Supp.2d 582 (S.D.W.Va. 2008) (When service of process in the State Court was not perfected or in conformity with State law and therefore was defective prior to removal, Section 1448 contemplates that the Plaintiff may (1) complete the process or (2) obtain a Summons in the Federal Court to which the matter has been removed and serve it in accordance with the Federal Rules of Civil Procedure); Warden v. DirecTV, LLC, 92 F.Supp.3d 1140 (D.N.M. 2015) (Service upon defendant in state court case was not completed prior to a co-defendant's removal of case to federal court, and thus plaintiff was required to serve defendant pursuant to federal law).

The Plaintiff filed his complaint in Hampshire County Circuit Court on June 14, 2023. ECF No. 1-1. During the pendency in State court Nurse Jane Doe and Nurse John Doe were not served with process. The case was removed to this Court on September 18, 2023. Ninety days from September 18, 2023, was December 17, 2023. However, no returns of service for Nurse Jane Doe, or Nurse John Doe, have been filed with the Clerk,

10

even months beyond the 90 days after the case was removed on September 18, 2023.[5]

Based on the Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1448 which requires him to have effected service within 90 days of filing the Complaint, or its removal to federal court, the undersigned recommends that Nurse Jane Doe, and Nurse John Doe, should be dismissed without prejudice for lack of jurisdiction.

### B.  First Count for Relief: Violation of Plaintiff's Eighth Amendment Rights by Excessive Force and Failure to Provide Medical Care by Mayle

The Plaintiff claims that Mayle failed to provide him with adequate medical relief after Mayle assaulted the Plaintiff. ECF No. 1-1 at 8. However, in the Plaintiff's Response in Concurrence with Defendant's Partial Motion to Dismiss, the Plaintiff concedes that his claim for deliberate indifference and/or denial of medical care against Mayle should be dismissed without prejudice. ECF No. 6 at 3.

Based on the agreement of the parties, the undersigned recommends that Count One related to any failure of Mayle to provide medical care be dismissed without prejudice. As to the claim that Mayle used excessive force, that claim should proceed in the normal course.

---

[5] The Plaintiff's complaint lists both "Jane Doe" and "John Doe" as nurses without any further identification, and there is no record that the Plaintiff has attempted to further identify or serve those individuals. The Fourth Circuit has upheld the dismissal of John Doe defendants, finding their dismissal "is also supported by Rule 4(m) of the Federal Rules of Civil Procedure.[ ] Rule 4(m) requires the dismissal of defendants who remain unserved ninety days after the filing of a complaint unless 'the plaintiff shows good cause.' " Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019), as amended (June 10, 2019). Here, the Plaintiff has presented no good cause to excuse his failure to identify or serve the defendants.

### C. Second, Third, and Fourth Counts for Relief Against Mayle: Assault and Battery, Defamation, and Intentional Infliction of Emotional Distress

As asserted in the removal petition, the Plaintiff's second, third, and fourth claims all assert State causes of action, which arise from the same transaction or occurrence as the § 1983 claim asserted in the Plaintiff's first claim. ECF No. 1 at 1. Mayle contends that this Court has supplemental jurisdiction over the Plaintiff's State law claims, which derive from a "common nucleus of operative fact." Id. at 2, citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). According to Mayle, that common nucleus of operative fact is the alleged application of force by Mayle to the Plaintiff. ECF No. 1 at 2.

Following the filing of the complaint and removal petition, the Plaintiff's second, third, and fourth claims for relief have not been addressed by pleadings filed by the parties. Accordingly, the undersigned finds that the Plaintiff's State law claims raised in Counts Two, Three, and Four should proceed in the normal course.

### V.     RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's complaint [ECF No. 1-1] be **DISMISSED WITHOUT PREJUDICE as to the claim of deliberate indifference or failure to provide medical care contained in Count One** upon the agreement of the parties. However, it is further **RECOMMENDED** that the **excessive force claim contained in Count One**, and **Counts Two, Three, and Four should proceed in the normal course.**

Further, it is **RECOMMENDED** that Defendant Mayle's partial motion to dismiss [ECF No. 3] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   May 7, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE